UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

KUSH GHANSHYAM PATEL,

    Defendant.

No. CR 20-0008 WHA

**ORDER RE MOTION TO DISMISS**

## INTRODUCTION

In this prosecution for mail fraud and identity theft, defendant moves to dismiss the superseding indictment. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

In January 2020, the grand jury returned an indictment charging defendant Kush Patel with two counts of mail fraud in violation of 18 U.S.C. § 1341. The indictment alleges that defendant worked as an event coordinator at a streaming-video company and used his supervisor's company corporate credit card for personal purchases without authorization.

In May 2020, the government extended a plea offer to defense counsel, stating that if defendant pled guilty to both counts pursuant to a Rule 11(c)(1)(B) plea agreement, the government would recommend a sentence in the guidelines range (*i.e.,* 21-27 months custody), and also that defendant could recommend a sentence "as low as 15 months in custody, but not lower" (Exh. A).

Negotiations, however, cratered. In July 2020, defendant notified everyone of his intent to enter a guilty plea. After receiving the notification, the government emailed defense counsel asking whether it meant defendant would be rejecting the plea offer and if so, that the government anticipated filing additional charges (Exh. D).

On July 21 defendant pled guilty to two counts of mail fraud without a plea agreement and the Court accepted his plea. On August 20, the government filed a superseding indictment adding counts of aggravated identity theft under 18 U.S.C. § 1028A(a)(1), a charge that carries a two-year mandatory minimum. Defendant now moves to dismiss the indictment.

**ANALYSIS**

1. **VINDICTIVE PROSECUTION.**

"A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." *United States v. Gamez–Orduno*, 235 F.3d 453, 462 (9th Cir.2000) (citations omitted). Prosecutorial vindictiveness is established when defendant produces direct evidence of the prosecutor's punitive motivation. *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir.2007). Alternatively, defendant is entitled to a presumption of vindictiveness if defendant can show the additional charges were filed because he exercised "a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." *United States v. Gallegos–Curiel*, 681 F.2d 1164, 1168 (9th Cir.1982).

Defendant here wanted to reserve his right to argue for a significant downward variance in his sentence (lower than 15 months), contrary to the proposed plea agreement. He accordingly pled unconditionally. Following his plea, the government filed a superseding indictment based on the same facts, which defendant argues was vindictive.

The Supreme Court has held that in the context of plea negotiations, prosecutors have the latitude to threaten additional charges to secure pleas especially when defendant is properly chargeable as to those additional charges. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Additionally, the act of making good on these bargaining threats (if defendant has turned down a plea agreement) is permissible. *United States v. Kent*, 649 F.3d 906, 914 (9th Cir. 2011). In

*Kent,* our court of appeals failed to find vindictive prosecution when the government followed through with its plea threat to file a Section 851 information when defendant effectively rejected a plea agreement, which required cooperation, by entering an unconditional plea.

Throughout the parties' plea negotiations here, the government stated that it would file a superseding indictment if defendant rejected the plea offer. The offer by the government included a restriction stating that defendant could argue for a sentence as low as 15 months in custody, but not lower. When defendant pled open and as a result rejected the plea agreement, the government followed through with its threat and filed a superseding indictment. Such behavior is not vindictive. The evidence shows that it was not the act of defendant pleading guilty (an exercise of his constitutional rights) that caused the government to file a superseding indictment, but the fact that he rejected the plea agreement, which our court of appeals in *Kent* found as a permissible reason for the government to follow through with its threats.

Additionally, just because the government could have brought these charges before defendant entered his plea does not make this prosecution vindictive either. Prosecutors filing the harshest possible chargers at the outset "would [cause] prejudic[e] to defendants, for an accused 'would bargain against a greater charge, face the likelihood of increased bail, and run the risk that the court would be less inclined to accept a bargained plea.'" *United States v. Goodwin*, 457 U.S. 368, 378 n. 10 (1982) (citations omitted).

Nor has defendant established a presumption of vindictiveness. In supporting his argument, defendant has cited to *United States v. Terrell,* 220 F. Supp. 3d 941, 944 (N.D. Iowa 2016)*,* a non-binding decision from the United States District Court for the Northern District of Iowa in which Judge Mark Bennett found that restricting a defendant's ability to earn a downward departure through cooperation was sufficient to show a reasonable likelihood of vindictiveness. *Terrell* is not compelling here, not only because neither our court of appeals nor any other courts in our circuit have adopted this reasoning, but because the finding was based primarily on the government's refusal to allow defendant Terrell to continue his cooperation following a detention hearing, part of his statutory right. As stated above, the facts here are different — the government merely followed through with the very threat it made

3

during plea negotiations not because defendant pled guilty, but because he rejected the plea agreement in doing so. Such actions neither demonstrate punitive motives nor a presumption of vindictiveness. The motion to dismiss on the basis of vindictive prosecution is thus **DENIED.**

### 2. SEPARATION OF POWERS.

Defendant also argues that the government violated the separation of powers doctrine by filing a superseding indictment with a mandatory minimum when defendant rejected the plea agreement. The power to sentence a defendant belongs with the judiciary. *Mistretta v. United States*, 488 U.S. 361, 396 (1989). *United States v. Booker,* 543 U.S. 220 (2005) further provides that the source of the judiciary's sentencing authority stems from Congress and not the guidelines issued by the Sentencing Commission, meaning that sentences are within the discretion of the judge, and not the guidelines.

It is true that in effect, when the government files a superseding indictment containing a charge with a mandatory minimum, and defendant is convicted or pleads guilty on that count, the judge's discretion in sentencing will be reduced in the sense that the judge cannot vary downward from the minimum. This does not, however, violate the separation of powers. Our court of appeals has repeatedly held that charges with mandatory minimums do not violate separation of powers. *See, e.g., United States v. Linn*, 880 F.2d 209, 217 (9th Cir. 1989). And, there is also no dispute that prosecutorial discretion allows the government to choose whether to prosecute and which charges to file. *See, e.g., Wayte v. United States*, 470 U.S. 598, 608 (1985). Nor does *Booker* abrogate the United States Sentencing Commission's mandatory sentencing guideline regime. Although the charge in the superseding indictment here restricts the extent to which a judge may vary downward, the ultimate sentencing decision still remains with the judge. The judge retains the power to at least vary upward from the sentence and to impose the sentence in such a way that achieves Congress's sentencing requirements. Based on precedent, the motion to dismiss on the ground of separation of powers must also be **DENIED**.

### 3. DOUBLE JEOPARDY.

The Fifth Amendment states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Jeopardy certainly attaches after a defendant's guilty plea is accepted. *United States v. Patterson*, 381 F.3d 859, 864 (9th Cir. 2004). A defendant is thus protected from, among other things, a second prosecution for the same offense after conviction and multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984).

It also means when the same act or transaction constitutes a violation of two distinct statutory provisions, *each* provision must require proof of a fact which the other does not for *both* offenses to be charged. *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (citations omitted). In other words, the double jeopardy clause bars the prosecution of a lesser-included offense *and* a greater-included offense when the lesser-included offense is completely subsumed by the greater offense. *Brown v. Ohio,* 432 U.S. 161, 168 (1977), is a helpful example in illustrating *Blockburger*. In *Brown*, the county first prosecuted that defendant for joyriding, which consisted of taking or operating a vehicle without the owner's consent, and then prosecuted him for auto theft, which consisted of joyriding with the intent permanently to deprive the owner of possession. Joyriding was a lesser-included offense. Auto theft was a greater-included offense (because it included all of the elements of joyriding plus an additional element). The Supreme Court found that because joyriding did not require proof of a fact that auto theft did not, the crimes constituted "the same statutory offense" within the meaning of the double jeopardy clause.

Here, the government filed an indictment in January 2020 charging defendant with two counts of mail fraud, one "on or about November 1, 2016," and the other "on or about November 7, 2016," under 18 U.S.C. § 1341. In July 2020, defendant pled guilty without a plea agreement to both charges, which the Court accepted, and jeopardy attached. In August 2020, however, the government filed a superseding indictment based on the same alleged facts with the same charges of mail fraud plus two additional charges of aggravated identity theft that occurred on or about November 1, 2016, and on or about November 7, 2016, under 18

U.S.C. § 1028A(a)(1), which requires as an element, a predicate felony offense. The predicate felony offense must come from one of 11 categories of offenses. One of these offenses is mail fraud. 18 U.S.C. § 1028A(c)(5). The superseding indictment here states that the aggravated identity theft occurred "during and in relation to a felony violation . . . to wit, mail fraud."

Mail fraud charges can be lesser-included offenses of the aggravated identity theft charges because mail fraud is a predicate felony for aggravated identity theft. There are, however, ten other categories of offenses that can serve as a predicate offense for aggravated identity theft.

The government thus replies that it could choose to prove any of the other categories of offenses or any of the other mail fraud offenses defendant has allegedly committed as the predicate offenses at trial and thus not violate the double jeopardy clause, which seeks to protect defendant from a second prosecution of the same offense. If we must wait until trial and the government's case in chief, defendant will have been put through the wringer twice. Additionally, defendant has the right to notice of the charges against him.

This order is guided by the actual charges in the superseding indictment. Here, the new counts charge the exact mail fraud charges (already admitted) as the predicate offenses for the aggravated identity theft charges. Specifically, defendant pled guilty to mail fraud that occurred "on or about November 1, 2016," in Count One and mail fraud "on or about November 7, 2016," in Count Two (Indict. at ¶¶ 14, 16). Count Three then states that defendant committed aggravated identity theft "during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, mail fraud" "on or about November 1, 2016." Count Four states that defendant committed aggravated identity theft "during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, mail fraud" "on or about November 7, 2016." (Sup. Indict. at ¶¶ 18, 20). The term "to wit" means "that is to say," not "for example" as the government suggests. The phrasing of the third and fourth counts rely on the very acts already resolved by plea. The predicate offenses for the aggravated identity theft charges are exactly the same as for the mail fraud offenses.

It is true that three decisions seem to hold that mail fraud (or bank fraud) is not necessarily a lesser-included offense of aggravated identity theft, even when the indictment uses the specific mail fraud (or bank fraud) offense that has already been charged as the predicate offense for the aggravated identity theft charge. *See, e.g., United States v. Lewis,* 262 F.Supp.3d 365 (E.D.V.A. 2017); *United States v. Doty*, No. 19-4220, 2020 WL 6158090 (4th Cir. 2020); *United States v. Robinson*, No. 15-CR-00252, 2016 WL 7406980 (N.D. Cal. Dec. 22, 2016) (Judge Jeffrey White).

This order respectfully departs from this non-binding authority. This order relies on what has actually been pled and follows *Brown v. Ohio*. It relies as well on the very purpose of the double jeopardy clause. No defendant should have to wait until the end of the government's case in chief in the second proceeding to vindicate his double jeopardy rights. To allow that would, at least where the indictments are identical, stand the clause on its head.

The second superseding indictment is **DISMISSED** without prejudice to the government seeking a further superseding indictment with aggravated identity theft charges predicated on different predicate offenses and without prejudice to any statute of limitations or other defenses.

**IT IS SO ORDERED.**

Dated: November 20, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7